# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTIAN LANG,                          )
                                         )
         Plaintiff,              )
                                         )
v.                                       )          Case No. CIV-25-01351-JD
                                         )
CLEVELAND COUNTY DETENTION )
CENTER, et al.,                          )
                                         )
         Defendants.             )

## <u>ORDER</u>

Before the Court is the Report and Recommendation ("R. & R.") of United States Magistrate Judge Shon T. Erwin. [Doc. No. 11]. The Court referred the matter to Judge Erwin for proceedings under 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. Judge Erwin reviewed the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and recommended that the Court dismiss, without prejudice, the remaining two Defendants, Greg Breslin and Christie Sweat, for failure to state a claim. [Doc. No. 11 at 1, 7]. The R. & R. further recommended that the Court allow Plaintiff an opportunity to amend her Complaint. [*Id.*]. Judge Erwin advised Plaintiff of her right to object to the R. & R. by filing an objection with the Clerk of Court by April 27, 2026, and explained that failure to timely object to the R. & R. waives appellate review of the recommended ruling. [*Id.* at 8]. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72.

Plaintiff did not file an objection to the R. & R. or request an extension of time to do so.

For the reasons outlined below, the Court ACCEPTS the R. & R.

In the R. & R., Judge Erwin reviewed and analyzed Plaintiff's claims. The R. & R. conducted a sua sponte review of Plaintiff's 42 U.S.C. § 1983 claims. The R. & R. explained that "[f]or an individual defendant to be liable for a civil rights violation, the defendant must have had direct personal responsibility for the claimed deprivation." [Doc. No. 11 at 5]. The R. & R. further stated that Plaintiff's Complaint did not state how either Breslin or Sweat personally participated in violating Plaintiff's constitutional rights. [*Id.* at 6]. The Complaint did not "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him." [*Id.* (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008))]. Accordingly, the R. & R. recommends that the Court dismiss the Complaint without prejudice. [*Id.*]. Because the R. & R. recognizes that Plaintiff could potentially cure the defects, it also recommends that the Court allow Plaintiff an opportunity to amend. [*Id.*].

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). By not objecting to a magistrate judge's report and recommendation, a party waives the right to challenge the legal and factual basis for the magistrate judge's decision. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) ("Our waiver rule provides that the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.").

With no objection being filed, and upon review of the record, the Court accepts, adopts, and affirms the R. & R. in its entirety and dismisses Plaintiff's claims without prejudice. Alternatively, although the Court is not required to review the record and law de novo because Plaintiff has not timely objected, the Court has done so and determines it should adopt the R. & R. in full.

The Court therefore ACCEPTS the R. & R. [Doc. No. 11]. The Court ORDERS Plaintiff to file an amended complaint addressing the deficiencies outlined in the R. & R. Plaintiff is to file the amended complaint within 21 days of this Order, or by **June 23, 2026**. If Plaintiff does not file an amended complaint by that date, the Court, without further notice, will dismiss Plaintiff's remaining claims without prejudice, which will result in the dismissal of this case.[1]

As noted in the R. & R., if Plaintiff files an amended complaint in accordance with this Order, the Court does not authorize Plaintiff to effectuate service upon Breslin and Sweat until the Court has screened the amended complaint. [*See* Doc. No. 11 at 7].

IT IS SO ORDERED this 2nd day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] As discussed in the R. & R., Plaintiff dismissed her claims against the other Defendants pursuant to her Notice of Voluntary Dismissal. [Doc. No. 9].